IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA L. BLAIR,

    Plaintiff,

vs.                              CASE NO. 4:06cv3-RH/WCS

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and local rule 72.2(D). It is recommended that the decision of the Commissioner be reversed and remanded.

**Plaintiff's reply memorandum, doc. 18**

    My order of September 12, 2006, directed that Plaintiff file a memorandum and Defendant file a response. Doc. 13. By local rule, a reply memorandum to a response is not permitted without good cause and leave of court. N.D. LOC. R. 7.1(C)(2). I have, however, considered Plaintiff's reply memorandum in this instance. Counsel for

Plaintiff, however, has litigated several cases in this district since 1997, see case number 4:97cv3-WS, and is expected to know the local rules of this district.

**Procedural status of the case**

Plaintiff, Linda L. Blair, applied for disability insurance benefits.  Plaintiff was 48 years old at the time of the administrative hearing, had a 12th grade equivalency education, and had past relevant work as a cashier, bank teller, hotel desk clerk, receptionist, and order filler.  Plaintiff alleges disability due to depression, fibromyalgia, degenerative disc disease, carpal tunnel syndrome, bilateral shoulder impingement, and status post left shoulder decompression, with an onset date of April 6, 2001.

The Administrative Law Judge found that Plaintiff had the residual functional capacity to lift or carry up to 10 pounds frequently and up to 20 pounds occasionally, to stand or walk for up to 3 hours in an 8 hour day, to sit for up to 8 hours a day, but avoid more than occasional bending, stopping, or crawling, and also avoid repetitive gripping or reaching above shoulder height.  R. 21.  With these limitations, he concluded that Plaintiff can still do her past relevant work as a hotel desk clerk, and thus was not disabled as defined by Social Security law.  R. 21-22.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted); Moore v. Barnhart, 405 F.3d

1208, 1211 (11th Cir. 2005).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."  Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted).  The court must give "substantial deference to the Commissioner's decision."  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ.  A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ."  Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).  "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' "  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months . . . ." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Analysis**

Plaintiff contends that the Administrative Law Judge improperly discounted her pain testimony. Issues of testimonial credibility should be determined at steps 4 and 5

of the sequential analysis. Accordingly, the court should address Plaintiff's step 2 claim first.

Plaintiff contends that the Administrative Law Judge erred in failing to find that fibromyalgia was a severe impairment at step 2 of the analysis. Plaintiff also argues that the ALJ erred in failing to find that depression, borderline intellectual functioning, and bilateral carpal tunnel syndrome were severe at step 2.

At step 2, Plaintiff has the burden to show that she has a condition which has more than "a minimal effect on her ability to: walk, stand, sit, lift, push, pull, reach, carry, or handle, etc." Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985) (relying on 20 C.F.R. § 404.1521). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). "[I]n order for an impairment to be non-severe, 'it [must be] a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.' " Parker v. Bowen, 793 F.2d 1177, 1181 (11th Cir. 1986), citing Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), Edwards v. Heckler, 736 F.2d 625, 630 (11th Cir. 1984), and Flynn, 768 F.2d at 1274. Thus,

> Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild.

McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986) (clarifying Brady). A "severe impairment" is a "*de minimis* requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working." Stratton v.

Case No. 4:06cv3-RH/WCS

Bowen, 827 F.2d 1447, 1452 n. 9 (11th Cir. 1987), *quoting* Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985).  A "severe impairment" also has been characterized by the Supreme Court as a criterion which identifies "at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into consideration."  *Id.*, *quoting* Bowen v. Yuckert, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987).

      Defendant argues that Plaintiff failed to come forward with evidence to show that these were "severe" impairments limiting her work related physical abilities.  Doc. 17, p. 10.  Defendant also argues that even if the ALJ did not explicitly state that these impairments were "severe," he considered them.  *Id.*, p. 8.

      Defendant's first argument with respect to fibromyalgia is not persuasive, given the very light burden upon Plaintiff and the minimal showing required at step 2.  Plaintiff testified that fibromyalgia made her feel sore to the touch and "beat up" all over her body.  R. 447.  She said that her condition was aggravated by a change in the weather or being in the same position too long, and some days were worse than others.  R. 448.  She said that a "lot of times I stay on the couch or in the bed . . . ."  R. 447.  She said: "A lot of times I lie down.  A lot of times I don't get nothing done because of the pain."  R. 449.  Plaintiff said that she tried to keep her kitchen and bathroom clean, and she had help from her husband and daughters.  R. 448.  She said she could vacuum or sweep for a little while and then had to stop to rest.  *Id.*  She said she did not do much cooking, and said that a hot shower or a heating pad sometimes helped.  R. 450.

      There is some medical evidence confirming a diagnosis of fibromyalgia, the notes from the Madison County Memorial Hospital of Plaintiff's treating physician, Dr.

Julie Schindler. Dr. Schindler found that Plaintiff suffered from a history of fibromyalgia and needed a medication for pain. R. 351 (note dated October 21, 2002). Dr. Schindler continued a prescription of Talwin.[1] R. 352-351. Dr. Schindler again noted the presence of fibromyalgia on February, 24, 2003, and March 20, 2003. R. 351, 349, 344. Dr. Schindler found that Plaintiff suffered from fatigue on October 14, 2003. R. 341. There is also evidence that Plaintiff was treated by a rheumatologist. On June 10, 2004, Plaintiff asked Defendant to also obtain records from Dr. John Szczesny, her treating rheumatologist. R. 434. The hearing was held on April 14, 2005, but Dr. Szczesny's records are not a part of this record.

"Fibromyalgia is a rheumatic disease and the relevant specialist is a rheumatologist." Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996).[2] The signs of fibromyalgia, according to American College of Rheumatology guidelines, are primarily tender points on the body. Green-Younger v. Barnhart, 335 F.3d 99, 107 (2nd Cir. 2003). A patient's subjective complaint "is an essential diagnostic tool" for the treating physician. *Id.*, *quoting* Flanery v. Chater, 112 F.3d 346, 350 (8th Cir. 1997). Moreover, it is relevant to the weight of a treating physician's opinion that he or she have "personally monitored the effectiveness of various therapies and found that they failed to provide any significant improvement . . . ." *Id.* See Cox v. Barnhart, 345 F.3d 606,

---

[1] Trademark for preparations containing pentazocine, which is a synthetic opoid analagesic used for relief of moderate to severe pain. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, available at: http://www.mercksource.com (Medical Dictionary link).

[2] The court there found that the administrative law judge had an "all pervasive misunderstanding of the disease," finding inappropriate that the ALJ criticized the claimant "for having consulted a rheumatologist rather than an orthopedist, neurologist, or psychiatrist." 78 F.3d at 307.

609 (8th Cir. 2003) (a fibromyalgia case, finding a treating physician's opinion not conclusory when it was the "culmination of numerous visits [plaintiff] had with her past doctors, and his experience with treating her chronic pain.").

Consequently, there is evidence in the record that Plaintiff has been treated by two physicians for fibromyalgia. Given the mild burden of proof at step 2, that it was error for the ALJ to have failed to decide whether Plaintiff's fibromyalgia was a severe impairment in the face of this evidence. This case, therefore, should be remanded so that the ALJ may obtain the records of Dr. Szczesny, determine whether Plaintiff's fibromyalgia is a severe impairment, and then determine to what extent her experience of fibromyalgia is relevant to analysis at steps 3, 4, and if needed, step 5. A remand for reconsideration of the effects of fibromyalgia upon this claim will necessarily require a fresh evaluation of all other of Plaintiff's limitations since the ALJ must consider all limitations in combination after considering all of the evidence of record.

The remainder of the Administrative Law Judge's findings with respect to conditions that might have been found to have been "severe" at step 2 should be affirmed, at least at this point. The ALJ did discuss the evidence of intelligence and personality testing, evidence that showed that Plaintiff has borderline intellectual functioning but has no psychiatric problems. R. 18. There was evidence that the test results were valid. *Id.* He also found that the results of the Minnesota Multiphasic Personality Inventory "were consistent with a denial of psychiatric problems." *Id.* He noted that Plaintiff could read at a 9.4 grade level, and could compute at a 6.2 grade level, skill levels that are presumably sufficient for basic work. The ALJ also discussed the evaluation by Michael Pitts, Ph.D., who concluded that Plaintiff's depression was

Case No. 4:06cv3-RH/WCS

"not [her] primary obstacle to work."  R. 19.  This finding is supported by substantial evidence in the record.  R. 257.  Dr. Pitts said her prognosis for mental health functioning was fair, but that her depression was not the primary obstacle to working as she reported that pain was her main concern.  *Id.*  The ALJ further took into consideration Plaintiff's depression and intellectual abilities when he found that her limitations were only mild, and there was no evidence of deterioration or decompensation in a work-like setting.  R. 20.  While the ALJ did not explicitly find that Plaintiff's depression and intellectual functioning were not "severe" impairments at step 2, that is implicitly the finding by omission from the list of "severe" impairments he did find, R. 19-20, and by the fact that these conditions were found to pose no residual limitations.  This implicit finding is supported by substantial evidence in the record and should be affirmed.

Finally, Plaintiff contends that her carpal tunnel syndrome should have been discussed by the ALJ and found to be a "severe" impairment.  The ALJ did discuss Plaintiff's experience of carpal tunnel syndrome.  He found that in January, 2002, Plaintiff underwent release of the left carpal tunnel.  R. 18.  The ALJ further found:

> When she followed up with Dr. Rumana in February 2002, the claimant complained of minimal soreness, but denied numbness or tingling.  She also stated that her right hand was "not bothering her very much."  She was again offered physical therapy, but elected instead to use a squeeze ball at home.  She was to return if she had any further problems (Exhibit 2F).  She did not return to Dr. Rumana.

R. 18.  As a consequence, the only functional limitation found by the ALJ was to "avoid repetitive gripping."  R. 21.  This was, in essence, a finding that carpal tunnel syndrome was a "severe" impairment as it had more than a minimal impact upon Plaintiff's ability

to do the physical activity of work, but the ALJ accounted for the limitation in his determination of residual functional capacity.

These findings are supported by substantial evidence in the record. On February 14, 2002, Dr. Rumana found:

> Ms. Blair returns to the clinic today for evaluation. She is status post left carpal tunnel release performed January 15, 2002. She reports no further numbness or tingling in the left hand. She says that her right hand is really not bothering her that much. She has minimal soreness. She has had a small amount of irritation around the incision and has opened slightly, but it is steadily getting better. She reports no problems with this.
>
> On examination today, her incision is really virtually healed. There is a tiny bit of residual scab. Her motor and sensory examination is unremarkable.

R. 132. Dr. Rumana said he was ready to do a release of the right carpal tunnel if Plaintiff decided she needed treatment. *Id*. Thus, there was no error as to the ALJ's consideration of carpal tunnel syndrome.

Since the extent of Plaintiff's experience of fibromyalgia must be considered along with all evidence of other pain-causing impairments when determining the credibility of Plaintiff's testimony, it would be premature to address the claim that the ALJ improperly discredited Plaintiff's pain testimony.[3] One matter should be noted,

---

[3] This circuit's standard for evaluating a claimant's pain testimony is the following:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

Case No. 4:06cv3-RH/WCS

however. Plaintiff argues that because her testimony was "not inconsistent with the medical evidence in record," "the decision's rejection of her credibility is in error." Doc. 14, p. 5. This is not the legal standard governing this court's review of the ALJ's decision. This court must affirm if substantial evidence support's the ALJ's conclusions. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (the reasons articulated for disregarding the claimant's subjective pain testimony must be based upon substantial evidence).

**Conclusion**

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **REVERSED** and the application be **REMANDED** for consideration of evidence of fibromyalgia as set forth in this report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**